**Ramiro Cavazos ESTRADA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 04–97–00211–CR to 04–97–00214–CR and 04-97-00816-CR.**

Court of Appeals of Texas, San Antonio.

July 22, 1998.

Discretionary Review Refused Jan. 13, 1999.

Edward N. Daneri, Law Offices of Edward N. Daneri, P.C., H. Todd McCray, San Antonio, for appellant.

Angela Moore, Asst. Criminal Dist. Atty., San Antonio, for appellee.

Before HARDBERGER, C.J., and LÓPEZ and ANGELINI, JJ.

LOPEZ, Justice.

In five appeals, Ramiro Cavazos Estrada challenges four convictions and the revocation of his probation in a fifth conviction. Estrada was convicted for possession of cocaine, less than 28 grams, in Cause No.93–CR–4442. That conviction was obtained pursuant to a plea bargain agreement in which Estrada agreed to plead guilty in exchange for the State's recommendation for probating an eight-year sentence. The trial court sentenced Estrada in accordance with his plea bargain.

While on probation, Estrada was indicted for possession of marijuana, 5 pounds or less but more than 4 ounces, in Cause No. 95–CR–2358; and possession of cocaine, 4 to 200 grams; with intent to deliver, in Cause Nos. 95–CR–2357, 96–CR–5002 and 96–CR–6203. Estrada pled guilty to each of these charges pursuant to plea bargain agreements. The convictions for these charges then served as the basis for revoking Estrada's probation in Cause No. 93–CR–4442.

On appeal, Estrada challenges his convictions by attacking the voluntariness of his pleas. Specifically, Estrada complains that he did not enter a knowing plea because the trial court failed to properly admonish him, and that his plea was involuntary because he was induced to plead guilty because of threats and misrepresentations by the trial court.

■ To be constitutionally valid, a guilty plea must be knowing and voluntary. *See Brady v. United States*, 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). For this reason, the Code of Criminal Procedure requires the trial court to admonish a defendant prior to accepting a guilty plea. *See Meyers v. State*, 623 S.W.2d 397, 402 (Tex. Crim.App.1981). The required admonishments are specified in article 26.13 of the Code. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). Substantial compliance with the required admonishments is sufficient to uphold a guilty plea "unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." *Id.* art. 26.13(c).

In the instant case, Estrada complains that he was not properly admonished about (1) the range of punishment for the charged offenses, (2) the non-binding effect of the State's recommendation for punishment and (3) the possibility of deportation. These admonishments are required by article 26.13, so we must determine whether the trial court substantially complied with these requirements.

■ Article 26.13 provides for either oral or written admonishments. *Id.* art. 26.13(d). In this case, the trial court admonished Estrada both orally and in writing. Although Estrada contends his written admonishments are invalid, null and void, we note that the written admonishments comply with article 26.13. Both Estrada and his attorney signed the written admonishments as required by article 26.15, and therein Estrada stated that he understood the admonishments and that he was aware of the consequences of his plea. *Id.* art. 26.13(d). In each cause, Estrada was admonished on the proper range of punishment for each offense for which he pled guilty, the non-binding nature of his plea agreements, and the possibility of deportation. As a result, the written admonishments are valid. Although Estrada complains that the trial court did not ask him if he signed the written admonishments, he does not contend that the signatures on the admonishment documents are not his own. As a result, we will not consider this portion of his argument in our discussion of the voluntariness of Estrada's plea.

■ As for the oral admonishments, the trial court did not admonish Estrada about the possibility of deportation or the non-binding effect of Estrada's plea bargain; however, as discussed above, Estrada was properly admonished in writing. The oral admonishments about the ranges of punishment that applied to the charged offenses were accurate with the exception of the range of punishment for the possession of marijuana charge. The trial court did not orally admonish Estrada about the range of punishment for that offense. Despite this failure, we are convinced Estrada understood the consequences of his plea and that he was not misled or harmed by the court's failure to

admonish about the range of punishment for the possession of marijuana charge. *See id.* art. 26.13(c).

■ There are two reasons we believe Estrada understood the consequences of his plea and that he was not harmed. First, Estrada was properly admonished in writing about the range of punishment for the possession of marijuana charge. Second, the trial court discussed the nature of Estrada's plea bargain for the possession of marijuana charge to insure he understood the consequence of his plea. During the plea proceeding, the trial court questioned the State about its recommendation for the possession of marijuana charge and clarified that the recommendation was for two years confinement to run concurrent with the sentences in Cause Nos. 95–CR–2357, 96–CR–6203, 93–CR–4442 and 96–CR–5002. Although we are convinced that Estrada understood his plea agreement for this offense, he states on appeal that he "did not understand that his conviction of a state-jail felony offense requires incarceration in a state-jail facility rather than in the penitentiary and that this time would have to be served in addition to the time assessed in the penitentiary."

■ Despite the above contention, the judgment for the possession of marijuana conviction clearly indicates that Estrada's two-year sentence is to run concurrent with his sentences in Cause Nos. 95–CR–2357, 96–CR–6203, 93–CR–4442 and 96–CR–5002. Although section 12.35 of the Texas Penal Code provides that a state jail felony, like the possession of marijuana offense in this case, "shall be punished by confinement in a state jail," *see* TEX. PEN.CODE ANN. § 12.35 (Vernon 1994), section 3.03 mandates that where offenses arising out of the same criminal transaction are prosecuted in a single criminal action, the resulting sentences run concurrently, *see id.* § 3.03. Section 3.03 does not distinguish between offenses which are punishable by confinement in a state jail and those that are punishable by confinement "in the institutional division." *See id.* § 12.32, 12.33 & 12.34 (each section directing that felony offenses other than state jail felonies be "punished by imprisonment in the institutional division"). In this case, the record clearly establishes that the possession of marijuana charge arose out of the same criminal transaction as the possession of cocaine charge in Cause No. 95–CR–2357. As a result, Estrada's sentence in Cause No. 95–CR–2358 must run concurrent with his sentence in Cause No. 95–CR–2357. Because we believe Estrada understood the consequences of his plea and that he was not harmed or misled by the trial court's admonishments, *see* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989), we find that Estrada entered a knowing plea.

■ Although we believe his plea was knowing, Estrada also contends that he was coerced to enter guilty pleas because of threats and misrepresentations by the trial court. To support this contention, Estrada relies in part on a comment that the trial court apparently made at the onset of the plea proceeding. Although the comment itself does not appear in the appellate record, the record contains the following reference to the comment:

MR. ESTRADA: When you mentioned that about—you know, my wife and my mom and my dad, they're all witnesses to this, but when you mentioned that clause about the constitutional rights, for some reason, I don't believe that that should be in there, in any of the readings that you had. Like when you said about to swear me in, that I might as well be read a Christmas story, you know, for some reason—

THE COURT: Well, you don't understand what I was saying. What I'm saying is that that was not on the record. It doesn't make any difference. You've got all these other documents. And I wasn't trying to put you down or anything, if that's what you thought.

MR. ESTRADA: That's what I felt.

THE COURT: No. It had nothing to do with that. I'm just saying that clerks constantly swear these people in. It is not even on the record. It doesn't even make a difference because you've got all these documents already signed by you. That's what I'm saying.

MR. ESTRADA: All right. Thank you.

THE COURT: Is there anything else you do not understand?

MR. ESTRADA: No. I understand everything.

The above colloquy simply does not rise to the level of coerciveness. Instead of being coercive, the trial court's comments appear almost apologetic.

In addition, Estrada relies on the following dialogue between himself and the trial court to support his contention that the trial court misrepresented the consequences of Estrada's pleas. After the trial court read the charges, Estrada asked:

May I ask a question?

THE COURT: Yes, sir.

MR. ESTRADA: He told me that there was no intent to deliver, Mr. Daneri [Estrada's trial counsel], that it was just possession charges. When you read them off, Your Honor, it said about with intent to deliver.

THE COURT: Well, that's the way the docket sheet shows. It really doesn't make a difference anyway.

MR. ESTRADA: All right. I understand.

Estrada was undoubtedly referring to Cause Nos. 95–CR–2357, 96–CR–5002 and 96–CR–6203. In the indictments for those causes, Estrada was charged with two counts. Under Count I, the State charged Estrada with possession with intent to deliver; under Count II, the State charged Estrada with possession without intent to deliver. While Estrada's question implies that he may have thought he was pleading guilty to the no-intent-to-deliver charges, his plea agreements clearly reflect that the agreements in each case were for Count I. For this reason, the trial court's response to Estrada's question is more appropriately characterized as a clarification than a misrepresentation.

After clarifying that the plea agreements were for the intent-to-deliver charges, the court continued with its oral admonishments and then asked, "[k]nowing all of this, do you still want to enter a plea of guilty and waive a jury in each case?" To this question, Estrada answered, "Yes, sir." As with the previously-discussed dialogue, this conversation does not indicate that Estrada was coerced into pleading guilty or that the trial court misrepresented the consequences of pleading guilty. As a result, we find that Estrada's plea was voluntary.

Having determined that Estrada's plea was knowing and voluntary, we overrule his issues on appeal and affirm the convictions in Cause Nos. 95–CR–2357, 95–CR–2358, 96–CR–5002 and 96–CR–6203, and the revocation of his probation in Cause No. 93–CR–4442.