00-00058 Botello v State of Texas.wpd



No. 04-00-00058-CR


Richard BOTELLO,


Appellant



v.



The STATE of Texas,


Appellee



From the 175th Judicial District Court, Bexar County, Texas


Trial Court No. 99-CR-6382


Honorable Mary Roman, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: September 6, 2000


AFFIRMED


Factual and Procedural Background

 On January 14, 2000, pursuant to a plea bargain, Richard Botello pleaded guilty to an
aggravated robbery charge. The trial court sentenced Botello to sixteen years confinement in the
Texas Department of Criminal Justice, Institutional Division and imposed a $1,000 fine. In two issues,
Gilbert claims his plea was involuntary. We disagree with his assertions and affirm the trial court's
judgment. DiscussionJurisdiction

 As a general rule, a defendant who pleads guilty and whose punishment does not exceed that
suggested by the plea bargain is not permitted to appeal any matter without the trial court's
permission, except rulings on pretrial motions and jurisdictional defects. See Tex. R. App. P. 25.2. The
Texas Court of Criminal Appeals has held, however, that a plea-bargaining defendant may challenge
the voluntariness of a negotiated plea. See Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App.
1996); Luna v. State, 985 S.W.2d 128, 129-130 (Tex. App. - San Antonio 1998, pet. ref'd).
Accordingly, we have jurisdiction to review Botello's issues regarding the voluntariness of his plea. 

Voluntariness of Guilty Plea

 In two issues, Botello attacks the voluntariness of his plea. Specifically, he claims that
although the trial court properly admonished him according to Texas Code of Criminal Procedure,
Article 26.13, he was incapable of understanding those admonishments. Botello asserts this incapacity
rendered his plea involuntary. Botello also claims that his plea was involuntary because he received
a punishment greater than what he expected. 

 A guilty plea must be entered knowingly and voluntarily. See Brady v. United States, 397 U.S.
742, 749 (1970); Estrada v. State, 981 S.W.2d 68, 70 (Tex. App. - San Antonio 1998, pet. ref'd).
To assess a plea's voluntary nature, we must ask whether "the plea represents a voluntary and
intelligent choice among the alternative courses of action open to the defendant." See Parke v. Raley,
506 U.S.20, 29 (1992). We consider the totality of the circumstances to answer this question. See
Crawford v. State, 890 S.W.2d 941, 944 (Tex.App.- San Antonio 1994, no pet.). When the record
reflects that the court properly admonished the defendant, a prima facie showing is made that the plea
was entered voluntarily. See Rodriguez v. State, 933 S.W.2d 702, 705 (Tex.App.- San Antonio
1996, pet. ref'd). Once such a showing is made, the burden then shifts to the defendant to prove that
he did not understand the consequences of his plea, and as a result, suffered harm. See Fuentes v.
State, 688 S.W.2d 542, 544 (Tex. Crim. App. 1985). 

 Before accepting a guilty plea, the trial court must admonish the defendant of: the punishment
range; the fact that the State's sentencing recommendation is not binding on the court; the limited
right to appeal; and the possibility of deportation. See Tex. Code Crim. Proc. Ann. art. 26.13(a)
(Vernon Supp. 2000). The trial court may not accept a guilty plea unless it is apparent to the court
that the defendant is mentally competent and the plea was entered freely and voluntarily. See id. art.
26.13(b). 

 In this case, the trial court properly admonished Botello in writing. The State therefore made
a prima facie showing that Botello entered his plea voluntarily, and Botello now shoulders the burden
of establishing his plea was involuntarily entered. To attempt to satisfy this burden, Botello contends
that his ability to understand the consequences of his plea was diminished, and that the trial court
erred in failing to inquire into his alleged incapacity. His contentions, however, are inadequate to
rebut the presumption that his plea was voluntary.

 Botello offers no evidence that he lacked the ability to understand the consequences of his
plea. Botello indicated to the trial court that he was voluntarily pleading guilty to the charge.
Furthermore, contrary to Botello's assertion, the trial court inquired into his state of mind and his
ability to understand the proceedings against him. The trial court specifically asked trial counsel
whether Botello had a rational and factual understanding of the proceedings against him and whether
he was able to assist in the preparation of his own defense. To each of these questions, Botello's trial
counsel responded affirmatively. When asked if Botello was mentally competent, trial counsel said
yes. 

 Botello additionally attacks the voluntariness of his plea, complaining that because he
"expected that he would receive the minimum amount of time in the range described by [the trial
judge]," and then didn't, his plea was involuntary. His assertion, however, is without merit. It is a
well-settled principle that a plea is not rendered involuntary simply because the punishment exceeds
what the defendant expected. See Galvan v. State, 525 S.W.2d 24, 26 (Tex. Crim. App. 1975);
Hinkle v. State, 934 S.W.2d 146, 149 (Tex. App. - San Antonio 1996, pet. ref'd).

 Because Gilbert did not satisfy his burden of showing his plea was involuntary, we overrule
his issues. Accordingly, we affirm the trial court's judgment.

 

 Karen Angelini, Justice

DO NOT PUBLISH