99-00532 thru 00541 Haggerton v State of Texas.wpd



Nos. 04-99-00532-CR, 04-99-00533-CR, 04-99-00534-CR, 04-99-00535-CR, 

04-99-00536-CR, 04-99-00537-CR, 04-99-00538-CR, 04-99-00539-CR, 

04-99-00540-CR, & 04-99-00541-CR


Marty Dean HAGGERTON,


Appellant



v.



The STATE of Texas,


Appellee



From the 216th Judicial District Court, Gillespie County, Texas


Trial Court Nos. 3827, 3828, 3829, 3830, 3831, 3832, 3833, 3834, 3835, 3836


Honorable Stephen B. Ables, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: November 15, 2000


AFFIRMED


Nature of the Case

 Marty Dean Haggerton pleaded guilty to five counts of aggravated sexual assault, four counts
of sexual assault, and one count of indecency with a child. The trial court, finding him guilty of each
offense, sentenced Haggerton to fifty years confinement in the Texas Department of Criminal Justice
- Institutional Division for each aggravated sexual assault charge and twenty years confinement for
each sexual assault and the indecency charge. Each sentence was to be served concurrently.
Haggerton appeals his convictions in four issues. He first claims the trial judge abused his discretion
by denying his motion to suppress incriminating statements. Haggerton asserts, in his second issue,
that the trial judge erred in denying his pre-trial motion to quash the indictment. In his third issue,
Haggerton maintains that his plea was involuntary. And finally, he claims his trial counsel rendered
ineffective assistance of counsel. We affirm the trial court's judgment.

Discussion

Motion to Suppress

 In his first issue, Haggerton claims the trial court abused its discretion by denying his motion
to suppress. We review such a challenge for an abuse of discretion. See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997); State v. Fecci, 9 S.W.3d 212, 220 (Tex. App. - San Antonio 1999,
no pet. h.). In conducting such a review, we apply a bifurcated standard, giving almost complete
deference to the trial court's interpretation of historical facts and reviewing de novo search and
seizure law application. See Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)
(citing Guzman, 955 S.W.2d at 88-89). The motion, in this case, however, does not question the
statement's admissibility based on Fourth Amendment search and seizure principles. The motion,
instead, raises questions of evidentiary admissibility. The standard, therefore, remains a question of
whether the trial judge abused his discretion by admitting the challenged evidence. 

 Haggerton, in his motion to suppress, claimed that certain statements he previously had made
were inadmissible. His motion specifically referred to two tape-recorded conversations between
himself and the victim, his daughter Tara. Tara and local law enforcement officials made the
recordings without his knowledge or consent. Haggerton claims the trial court should have excluded
the statements under Rule of Evidence 403 because their probative value was substantially
outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.
Haggerton further claims the trial court should have excluded the statements under Rule of Evidence
404(a)(1) because they were improper character evidence. And, Haggerton argues that the State
erroneously relied on Texas Code of Criminal Procedure, Article 38.31, section 2(2) because the
statements were not admissible to show a relationship between Haggerton and his daughter Tara. 

 We first note that Haggerton has waived any error which stems from the conversations'
admission. The trial court denied Haggerton's Motion to Suppress; thus his objection was deemed
to apply to the conversations once they were admitted. Tex. R. Evid. 103(a)(1). However, when the
conversations were offered, Haggerton's trial counsel expressly stated "No objection." A party, who
at one time preserves a complaint for appellate review, waives or forfeits his or her complaint at
another time by affirmatively asserting he or she has "no objection" to the evidence's admission. See
Tucker v. State, 990 S.W.2d 261, 262 (Tex. Crim. App. 1999); James v. State, 772 S.W.2d 84, 97
(Tex. Crim. App. 1989), vacated on other grounds, James v. Texas, 493 U.S. 885, 110 S.Ct. 225,
107 L.Ed.2d 178 (1989). Haggerton has, accordingly, forfeited his right to complain about the
conversations' relevancy on appeal.

 Even if Haggerton had preserved his complaint for appeal, however, the conversations were
admissible. Under Rule of Evidence 403, evidence, although relevant, may be excluded if its
probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues,
or misleading the jury. Haggerton argues the statements should have been excluded under Rule of
Evidence 403 because, in the statements, he never admitted to having sex with Tara, but only was
responding to questions contrived by law enforcement. Further, he argues that, in the conversations,
Tara refers to specific acts of sex but mentions no dates or details, which makes the statements
unreliable and misleading.

 The statements clearly have probative value. Throughout the conversations, Tara refers to
sexual contact she had with Haggerton. Although Haggerton never expressly states that he engaged
in intercourse with Tara, he responds to her comments in such a way that suggests admission of the
alleged conduct. Specifically, at one point when Tara says, " I don't want to have sex with you
anymore," Haggerton replies, "Ok, we won't." In another instance, he says "I wish I could take
things back." And later, when Tara asked him "[w]hy it happened. Why you did that?" Haggerton
responds "I don't know, do you?" The recorded conversations between Tara and Haggerton have
probative value as an admission of guilt. Furthermore, they are relevant to prove the elements of the
various changes against Haggerton. (1)

 The probative value of the recorded conversations was not substantially outweighed by the
danger of unfair prejudice, confusion of the issues, or misleading the jury. Certainly the statements
were prejudicial as virtually all evidence offered by the State will be prejudicial to a defendant. 
Caballero v. State, 919 S.W.2d 919, 922 (Tex. App. - Houston [14th Dist.] 1996, pet. ref'd). Thus,
only unfair prejudice should be excluded. Id. Evidence is unfair if it has an undue tendency to
suggest that a decision be made on an improper basis, commonly an emotional one. Id. 

 The statements at issue do not rise to the level of unfair prejudice, confusion of the issues,
or misleading the jury. There is nothing substantially unfair, confusing or misleading in admitting
Haggerton's admissions in response to Tara's questions. Nor does the fact that Tara mentions no
dates or details of the specific sex acts amount to substantial unfairness or confusion. 

 Haggerton argues the recorded conversations with Tara should have been excluded under
Rules of Evidence 404(a) and 404(b). Under Rule of Evidence 404(a), evidence of a person's
character is generally inadmissible to prove the person acted in conformity with his or her character.
Rule of Evidence 404(b), however, allows evidence of other crimes, wrongs or acts to show a
defendant's motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident. There are admissions on the tape relating to other instances of sexual conduct. To the
extent the conversations in this case show Haggerton's character, they were properly admitted to
show opportunity and intent. Tex. R. Evid. 404(b).

 Haggerton also asserts that the State erroneously relied upon Texas Code of Criminal
Procedure, article 38.37 to prove that the conversations were admissible to show a relationship
between Haggerton and his daughter. Specifically, he claims the conversations are indicative only
of a father/daughter relationship and nothing more. Article 38.37

 "applies to a proceeding in the prosecution of a defendant for an
offense under the following provisions of the Penal Code, if
committed against a child under 17 years of age:


 (1) Chapter 21 (Sexual Offenses);


 (2) Chapter 22 (Assaultive Offenses); ...


 Sec. 2. Notwithstanding Rules 404 and 405, Texas Rules of
Criminal Evidence, evidence of other crimes, wrongs, or acts
committed by the defendant against the child who is the
victim of the alleged offense shall be admitted for its bearing
on relevant matters, including:


 (1) the state of mind of the defendant and the child; and


 (2) the previous and subsequent relationship between the
defendant and the child.

Tex. Code Crim. Proc. Ann. art. 38.37 (Vernon Supp. 2000). 

 All the charges against Haggerton are provided for in Chapters 21 and 22 of the Penal Code.
Article 38.37, therefore, applies, and the conversations could have been admitted for the purpose of
establishing the sexual relationship between Haggerton and Tara and Haggerton's state of mind. We
find the recorded conversations were admissible, and the trial judge did not abuse his discretion in
denying the Motion to Suppress and admitting the evidence.

Motion to Quash

 In his second issue, Haggerton claims that the indictments contained two substantive defects,
and that because of these defects the trial court erred in denying his Motion to Quash the indictments.
First, he claims the indictments are deficient because their presentments "were not within the
applicable statute of limitations period for each of the respective criminal offense[s] (sic) with which
[he] was charged and indicted." Second, Haggerton asserts that the indictments are flawed because
they do not charge the commissions of the offenses in such a concise manner to provide him notice
of the offenses charged. 

 We review a trial court's ruling on a motion to quash an indictment for an abuse of
discretion. See Thomas v. State, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980); Cameron v. State,
988 S.W.2d 835, 849 (Tex. App. - San Antonio 1999, pet. ref'd).

 In regard to Haggerton's first complaint about the indictment, he simply makes the assertion
that he was indicted outside the applicable statute of limitations for each offense. He does not,
however, explain what the statute of limitations is for each offense, show how the indictment was
outside that time period, and fails to offer any legal support for his assertion. Haggerton, therefore,
has waived this segment of his complaint. See Tex. R. App. P. 38.1(h) ("[t]he brief must contain a
clear and concise argument for the contentions made, with appropriate citations to authorities and
to the record").

 Even if Haggerton had preserved his complaint about the indictments' insufficiencies, his
complaint is without merit. The offenses alleged against Haggerton by the State are as follows:
Indecency with a Child under Texas Penal Code, section 21.11; Sexual Assault, Penal Code, section
22.011; and, Aggravated Sexual Assault, Penal Code, section 22.021. The Code of Criminal
Procedure sets the statute of limitations for the above offenses. For an Aggravated Sexual Assault
charge as well as an Indecency charge, the statute of limitations is ten years from the victim's
eighteenth birthday. See Tex. Code Crim. Proc. Ann. art. 12.01, § 5(C) (Vernon 1977); Tex. Code
Crim. Proc. Ann. art. 12.01, § 5(A) (Vernon 1977). A Sexual Assault charge carries a five-year
limitation from the date of the offense's commission. See Tex. Code Crim. Proc. art. 12.01, § 4(C)
(Vernon 1977).

 The State indicted Haggerton during the April, 1998 term. The five Aggravated Sexual
Assault charges were alleged to have occurred on or about August 10, 1991, September 10, 1991, (2)
March 23, 1992, June 5, 1992, and August 20, 1992. Tara was eleven or twelve at the time these
offenses occurred. So, the State would have approximately sixteen years to bring charges against
Haggerton for each offense. By indicting him in April, 1998, the State was well within the statute
for purposes of the Aggravated Sexual Assault charges. The Indecency with a Child offense was
alleged to have occurred on or about October 20, 1995. At this time, Tara was sixteen. Therefore,
the State had approximately twelve years to bring the Indecency charge against Haggerton. It did so
well within that time period. The Sexual Assault charges were alleged to have occurred on or about
July 15, 1993, June 15, 1994, April 10, 1995, and March 10, 1996. Five years from July, 1993,
would be July, 1998. The State brought the charges in April of 1998 and was therefore not barred
by limitations from indicting Haggerton. Accordingly, had Haggerton preserved his claim for
appellate review, we would overrule his claim that the indictments were barred by limitations.

 Haggerton also claims that the indictments were defective based on the fact that they did not
provide him adequate notice of the charges alleged against him. Specifically, he claims that the
indictments fail to allege the place that the alleged offenses occurred.

 The charging instrument must provide sufficient notice to a defendant to allow him or her
to adequately prepare a defense. See State v. Mays, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).
The Legislature provided the State with some direction in providing the proper level of specificity
in an indictment. The Code of Criminal Procedure requires that the offense be set out in "plain and
intelligible words." Tex. Code Crim. Proc. Ann. art 21.02(7) (Vernon 1989). And, everything that
must be proved to obtain a conviction must be stated in the indictment. Tex. Code Crim. Proc.
Ann. art. 21.03 (Vernon 1989). Simply put, an indictment must be specific enough to show which
offense was committed, bar a later prosecution for the same offense, and give the defendant notice
of precisely what he or she is charged with. See Tex. Code Crim. Proc. Ann. art.21.04 (Vernon
1989); DeVaughn v. State, 749 S.W.2d 62, 67 (Tex. Crim. App. 1988); Terry v. State, 471 S.W.2d
848, 851 (Tex. Crim. App. 1971).

 The Court of Criminal Appeals has set out a three-prong test to be used in determining
whether an indictment provides proper notice to a defendant. The first step in making such a
determination is to decide whether the indictment failed to convey some notice. See Adams v. State,
707 S.W.2d 900, 903 (Tex. Crim. App. 1986); Saathoff v. State, 908 S.W.2d 523, 527 (Tex. App.
- San Antonio 1995, no pet.). If sufficient notice was given, then the inquiry ends. See Adams, 707
S.W.2d at 903; Saathoff, 908 S.W.2d at 527. If not, the next step is to decide, whether in the context
of the case, the lack of sufficient notice had an impact on the defendant's ability to prepare a defense,
and finally, how great an impact. See Adams, 707 S.W.2d at 903; Saathoff, 908 S.W.2d at 527.

 Here, each indictment tracks the wording of the statute the indictment is based upon. That
is enough for purposes of notice. See Olurebi v. State, 870 S.W.2d 58, 62 (Tex. Crim. App. 1994).
And, it is unnecessary to allege the offense's actual location with any more specificity than the
county wherein it allegedly occurred, if the offense is one that could be committed anywhere within
the county. See Hodge v. State, 527 S.W.2d 289, 292 (Tex. Crim. App. 1975); Wilson v. State, 825
S.W.2d 155, 159 (Tex. App. - Dallas 1992, pet. ref'd). Here, Gillespie County is alleged on the face
of each indictment and the types of sexual offenses alleged here, could occur anywhere. Therefore,
the indictments provided Haggerton with enough notice for him to know the offenses charged and
bar any possible later prosecution for the same offenses. We, accordingly, overrule Haggerton's
second issue.Involuntary Plea

 In his third issue, Haggerton claims that he involuntarily entered his guilty plea. A guilty plea
must be entered knowingly and voluntarily. See Brady v. United States, 397 U.S. 742, 749 (1970);
Estrada v. State, 981 S.W.2d 68, 70 (Tex. App. - San Antonio 1998, pet. ref'd). To assess a plea's
voluntary nature, we must ask whether "the plea represents a voluntary and intelligent choice among
the alternative courses of action open to the defendant." See Parke v. Raley, 506 U.S.20, 29 (1992).
We consider the totality of the circumstances to answer this question. See Crawford v. State, 890
S.W.2d 941, 944 (Tex.App.- San Antonio 1994, no pet.). When the record reflects that the court
properly admonished the defendant, a prima facie showing is made that the plea was entered
voluntarily. See Rodriguez v. State, 933 S.W.2d 702, 705 (Tex.App.- San Antonio 1996, pet. ref'd).
Once such a showing is made, the burden then shifts to the defendant to prove that he did not
understand the consequences of his plea, and as a result, suffered harm. See Fuentes v. State, 688
S.W.2d 542, 544 (Tex. Crim. App. 1985). 

 Before accepting a guilty plea, the trial court must admonish the defendant of: the
punishment range; the fact that the State's sentencing recommendation is not binding on the court;
the limited right to appeal; the possibility of deportation if the defendant is not a citizen; and the fact
that the defendant will have to register as a sex offender if he is convicted of a sex offense. See Tex.
Code Crim. Proc. Ann. art. 26.13(a) (Vernon Supp. 2000). The admonitions may be made either
orally or in writing. See id. art. 26.13(d). The trial court may not accept a guilty plea unless it is
apparent to the court that the defendant is mentally competent and the plea was entered freely and
voluntarily. See id. art. 26.13(b). 

 The record, in this case, reflects that Haggerton entered his plea voluntarily. Specifically, the
trial court admonished Haggerton in writing. The State therefore made a prima facie showing that
Haggerton entered his plea voluntarily, and he now shoulders the burden of establishing his plea was
involuntary. To attempt to satisfy this burden, Haggerton contends that the written admonishments
did not sufficiently notify him of the minimum and maximum punishment for each offense. And,
he claims the trial court failed to specifically inquire into his ability to understand all the stipulations,
admonishments, and waivers contained in his plea. Haggerton claims that because there were nine
other offenses included in the plea agreement, he could not have understood the constitutional
protections he waived. Finally, he claims that the trial amendment, which changed the date of the
offenses from 1991 to 1990 made it impossible for him to be aware of all the alternatives available
to him at trial. His contentions, however, are inadequate to rebut the presumption that his plea was
voluntary. 

 Haggerton claims that he was unaware of the minimum and maximum punishments
available, and that this unawareness rendered his plea involuntary. He offers, however, no evidence
of his misunderstanding other than bald statements that he did not comprehend the punishment he
faced. The Defendant's Plea of Guilt, Waivers, Stipulations of Evidence and Admonishments,
expressly sets out the range of punishment by degree for each charge. Haggerton's signature is at the
bottom of each page, and at the plea hearing, Haggerton expressly stated that he understood all his
rights, upon the trial court's inquiry. With regard to his other contentions, Haggerton simply has
failed to make a showing as to how those contentions rendered his plea involuntary. Haggerton has
failed to satisfy his burden and we, therefore, overrule his third issue.

Ineffective Assistance of Counsel

 In his final issue, Haggerton claims he received ineffective assistance of counsel at his plea
hearing. The right to assistance of counsel includes the right to reasonably effective assistance of
counsel. See Strickland v. Washington, 466 U.S. 668, 687 (1984). In assessing the effectiveness of
counsel, we apply the two-prong test set forth by the Supreme Court in Strickland v. Washington.
See Holland v. State, 761 S.W.2d 307, 315 (Tex. Crim. App. 1988). This test requires us first to
determine whether counsel's performance was deficient. See id.; Young v. State, 991 S.W.2d 835,
837 (Tex. Crim. App. 1999); Jimenez v. State, 804 S.W.2d 334, 338 (Tex. App. -San Antonio 1991,
pet. ref'd). If so, we then review whether there is a reasonable probability that the outcome would
have been different but for counsel's deficient performance. See Strickland, 466 U.S. at 687. In order
to meet this standard, the appellant must overcome the presumption that counsel's conduct lies
within the "wide range of reasonable representation." See McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). Whether an appellant has met this standard is judged by the totality of the
representation rather than by scrutinizing individual acts or omissions committed by trial counsel.
See Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App. 1986); Paez v. State, 995 S.W.2d 163, 170
(Tex. App. -San Antonio 1999, pet. ref'd). 

 Haggerton claims his trial counsel provided him with ineffective assistance of counsel
because he failed to preserve for appellate review any error committed by the trial court in admitting
the recorded statements; failed to object to the "de facto amendment" of the offenses' dates
contained in the indictment; failed to follow up on possible additional grounds to suppress the
recorded statements; called only three witnesses on his behalf during punishment; and failed to
present any mitigating evidence during punishment. 

 We find, however, that Haggerton's trial counsel did not provide ineffective assistance. First,
counsel's failure to re-object to the statements when they were offered is of no consequence because
error was preserved by the filing of a pre-trial motion to suppress. (3) Second, the "de facto
amendments" in the indictment were inconsequential to the case. Tara, while testifying, explained
that the offenses alleged in cause numbers 3827 and 3828 actually occurred in 1990 instead of 1991
as asserted in the indictments. Haggerton claims that trial counsel should have objected to this
change because it suggested Tara's unreliability as a witness. Although trial counsel could have
objected to her testimony on these grounds, in light of the totality of his performance, such failure
to do so does not amount to ineffective assistance. Furthermore, the change in date had no effect on
the case or the statute of limitations. Haggerton also asserts that trial counsel alleged additional
grounds to keep the conversations out of evidence, but failed to follow up on those grounds. The
grounds he mentions involve custodial statements; the statements in this case, however, were clearly
non-custodial in nature. Haggerton points out that claims of involuntariness of a confession in
violation of due process rights do not necessarily require that an interrogation be custodial. Wolfe
v. State, 917 S.W.2d 270, 282 (Tex. Crim. App. 1996). But, in the absence of custody, due process
is violated only when the confession was not freely given (e.g. coercion, improper influences,
incompetency). Id. There is no evidence that Haggerton involuntarily engaged in the challenged
conversations with Tara. Finally, Haggerton's trial counsel's choice to present three witnesses during
the punishment hearing and his failure to present additional mitigating evidence could conceivably
be trial strategy. Haggerton does not assert that either of the actions he suggests his trial counsel
should have taken were in fact possible, or even options at that time. It is quite possible that no one
else was willing to testify on Haggerton's behalf and that no additional mitigating evidence was
available. We, therefore, overrule Haggerton's fourth issue.Conclusion

 We find the trial court did not err in denying Haggerton's motion to suppress his statements,
or his motion to quash the indictment. We also find Haggerton entered his guilty plea voluntarily,
and that his trial counsel did not provide him with ineffective assistance of counsel. Accordingly,
we affirm the trial court's judgment. 


 Karen Angelini, Justice

DO NOT PUBLISH
1. A person commits Aggravated Sexual Assault when he or she intentionally or knowingly "causes the
penetration of the anus or female sexual organ of a child by any means..." Tex. Penal Code Ann. § 22.021(a)(1)(B(i)
(Vernon 2000). A person commits Sexual Assault when he or she intentionally or knowingly "causes the penetration of
the anus or female sexual organ of a child by any means..." Tex. Penal Code Ann. § 22.011(a)(2)(A) (Vernon 2000).
A person commits Indecency With a Child when he or she engages in sexual contact with a child younger than seventeen
years of age and not his or her spouse. Tex. Penal Code Ann. § 21.11(a)(1) (Vernon 2000).
2. During her testimony, Tara explained that the offenses that occurred on August 10 and September 10, actually
occurred in 1990, rather than 1991 as alleged in the indictment.
3. As noted in the discussion concerning Haggerton's first issue, Haggerton actually waived his right to complain
of the statements'admissibility because his trial counsel affirmatively stated he had no objection to the statement's
admission. However, even if he had remained silent or had objected when the statements were offered, they were
nevertheless admissible and, therefore, trial counsel did not render ineffective assistance.