NO. 07-02-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

SEPTEMBER 9, 2003

_____

ANTHONY J. BARBARO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434,611; HON. JIM BOB DARNELL, JUDGE

_____

Before JOHNSON, C.J., and QUINN and REAVIS, JJ.

In one issue, appellant Anthony J. Barbaro appeals his conviction for burglary. Through it, he argues that he received ineffective assistance of counsel. The latter was purportedly ineffective due to a conflict of interest. We overrule the issue and affirm the judgment of the trial court.

***Background*** [1]

---

[1] The facts surrounding the offense are not relevant to appellant's issue on appeal, and we will therefore not recite them.

At trial, counsel for appellant revealed to the trial court that he had represented a particular State's witnesses in a "DWI" prosecution and a divorce approximately ten years earlier. Neither the criminal charge nor the divorce were related, in any way, to the accusation against appellant. Nevertheless, "because of [his] relationship with this witness, [he could not] adequately cross-examine her on behalf of" appellant, counsel uttered. So too did he assert that "[i]t would be a conflict of interest for [him] to vigorously cross-examine a person that [he has] represented and to check her background and so forth in representing" appellant. "It would be to [appellant's] detriment that [counsel] would be his attorney when this witness testifies," counsel concluded. In response to questioning from the court, appellant's trial attorney then stated that it was his "duty to vigorously be an advocate for" appellant, that it was his "duty not to reveal any secrets of any client that I have ever represented in the past," that this "creates a conflict of interest in this situation," that he "can't adequately cross-examine this witness because [he had] represented her before," that it was "a classic conflict of interest . . . and it require[d] a mistrial, and . . . [him] to withdraw . . . if this witness testifies." However, counsel did not state that this witness had previously informed him of any confidential or other information the disclosure of which would be disadvantageous to her or advantageous in any way to appellant. Nor did he aver that 1) he garnered information during his representation of the witness the disclosure of which would breach prior confidences or 2) he had information arising from his past representation of the witness which impeded his ability to represent appellant. Indeed, when questioning the witness for purposes of developing a bill of

2

exceptions, trial counsel said: "I really don't remember much about your cases, but I remember you."

The trial court refused to allow counsel to withdraw. So too did it deny counsel's motion for mistrial.

### *Applicable Law*

Counsel may be ineffective when operating under a conflict of interest. *Ex parte Morrow,* 952 S.W.2d 530, 538 (Tex. Crim. App. 1997), *overruled in part on other grounds by Taylor v. State,* 109 S.W.3d 443 (Tex. Crim. App. 2003). However, until the accused shows that his attorney is or was actively representing such interests, he has not established the predicate for a claim of ineffective assistance. *Cuyler v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333, 347 (1980); *see also Nethery v. State,* 29 S.W.3d 178, 188 (Tex. App.–Dallas 2000, pet. ref'd). Moreover, the conflict must be actual, as opposed to speculative or potential. *James v. State,* 763 S.W.2d 776, 781-82 (Tex. Crim. App. 1989); *Thompson v. State,* 94 S.W.3d 11, 16 (Tex. App.–Houston [14th Dist.] 2002, pet. ref'd). And, it is actual when counsel is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (including his own) to the detriment of his client's interest. *Ex parte Morrow,* 952 S.W.2d at 538*; Monreal v. State,* 947 S.W.2d 559, 564 (Tex. Crim. App. 1997).

### *Application of Law to Facts*

It is undisputed that the matters on which counsel represented the witness ten years before were completely unrelated to the criminal prosecution of appellant. *See Charleston*

*v. State*, 33 S.W.3d 96, 101 (Tex. App.–Texarkana 2000, pet ref'd) (considering when the prior representation occurred and whether it involved a matter substantially related to that at hand). Furthermore, counsel recalled little about the matters but simply remembered the witness. And, though he thought there existed a conflict of interest, counsel so believed simply because he represented the witness at one time. Again, he said nothing about previously obtaining confidential information which was in any way relevant to appellant's case or which could be used in any way to advance or impugn the interests of appellant, the witness or anyone else. *See Thompson v. State*, 94 S.W.3d at 21-22 (refusing to hold that an actual conflict existed since counsel failed to reveal the nature of the conflict or explain the adverse impact, if any, on appellant of the prior representation).

This is not a situation, as in *Ramirez v. State*, 13 S.W.3d 482 (Tex. App.–Corpus Christi 2000, pet. dism'd), wherein counsel specifically advised the court that he obtained confidential information as a result of previously representing the witness and which hampered his ability to assist appellant. *See Brink v. State*, 78 S.W.3d 478, 485 (Tex. App.–Houston [14th Dist.] 2001, pet ref'd) (wherein a conflict existed because counsel represented that he "was not sure how he would cross-examine Gipp and attack her credibility without using privileged information obtained while he was her attorney"). Again, counsel said nothing about having any such information and could recall little about the matters involved in the representation. Nor did he represent both appellant and the witness at the same time, as in *Ramirez.* Here again, counsel represented the witness approximately ten years before the trial of appellant in matters unrelated to the charges against appellant.

4

In short, having represented a witness at a prior time does not alone mean that counsel is required to make a choice between advancing his current client's interests in a fair trial or advancing other interests to the detriment of his client. More is required before it can be said that a conflict actually exists. Because that extra data is missing here, the trial court could have reasonably concluded that it had before it a potential or speculative conflict, and that does and did not warrant a mistrial or the removal of counsel. Thus, the trial court did not err in refusing counsel's requests to withdraw and for mistrial.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


Publish.