

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

#### NO. 2-08-269-CR

FREDDIE FRITZ WILLHITE                                      APPELLANT

V.

THE STATE OF TEXAS                                                STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### Introduction

Appellant Freddie Fritz Willhite entered an open plea of guilty to murder, was convicted by the trial court, and was sentenced to thirty years' imprisonment. In two points, Appellant contends that the trial court failed to

---

[1] *See* Tex. R. App. P. 47.4.

admonish him of the consequences of his guilty plea and that his guilty plea was involuntary. We affirm.

## Factual and procedural background[2]

Appellant was indicted for the murder of his wife, Donna Willhite. At the plea hearing, Appellant, as well as his counsel, signed written plea admonishments. By those admonishments, Appellant waived his right to a jury trial, right of confrontation and cross-examination, and right against self-incrimination. Further, the admonishments informed Appellant that he faced a range of punishment of life or not more than ninety nine years or less than fifteen years for the first degree felony offense of murder, enhanced by a prior felony conviction for aggravated assault with a deadly weapon. Appellant also signed a judicial confession.

At the plea hearing, which was held in open court and transcribed by the official court reporter, Appellant stated he understood the admonishments and was freely and voluntarily entering a plea of guilty. Appellant had no questions

---

[2] Because Appellant does not challenge the factual or legal sufficiency of his conviction, we recite only the facts that are relevant to Appellant's points of error. *See James v. State*, 258 S.W.3d 315, 317 (Tex. App.—Austin 2008, pet. dism'd, untimely filed); *Barbaro v. State*, 115 S.W.3d 799, 800 n.1 (Tex. App.—Amarillo 2003, pet. ref'd); *Cooper v. State*, No. 02-02-315-CR, 2004 WL 177862, at *1 (Tex. App.—Fort Worth Jan. 29, 2004, no pet.) (mem. op., not designated for publication).

regarding the admonishments or his plea. A week and a half later, at the punishment hearing, Appellant's counsel informed the court that Appellant wished to withdraw his plea and to have his counsel removed. Appellant was sworn and testified his plea was involuntary because it had been coerced.[3] However, at the conclusion of his testimony, Appellant stated he wished to continue with the same attorney. The trial court denied Appellant's requests, and after hearing evidence of guilt from several expert and lay witnesses, as well as evidence of Appellant's prior conviction for aggravated assault for enhancement purposes, sentenced Appellant to thirty years' confinement.

## Discussion

### I.    The trial court's admonishments

Appellant first argues that the trial court failed to admonish him of the range of punishment that would follow from pleading guilty. Before accepting a guilty plea, a trial court must provide several admonitions to the defendant, including an admonition of the range of punishment attached to the offense. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a)(1) (Vernon 2009). This ensures that a defendant's guilty plea is truly voluntary, such that the defendant fully

---

[3] Appellant testified he felt coerced by counsel's statements that he "didn't have a chance" and would make the jury mad, and further complained that he was not mentally alert because he was awakened from his nap and under stress at the time of his meeting with counsel prior to the plea hearing.

3

understands the consequences of pleading guilty. *See Whitten v. State*, 587 S.W.2d 156, 158 (Tex. Crim. App. 1979) (op. on reh'g), *overruled on other grounds*, *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997); *Anderson v. State*, 985 S.W.2d 195, 197 (Tex. App.—Fort Worth 1998, pet. ref'd).

Strict compliance with article 26.13 is not required; the legislature provided the courts with flexibility when giving the statutory admonitions:

> The court may make the admonitions required by this article either orally or in writing. If the court makes the admonitions in writing, it must receive a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea. If the defendant is unable or refuses to sign the statement, the court shall make the admonitions orally.

Tex. Code Crim. Proc. Ann. art. 26.13(d). *See also Estrada v. State*, 981 S.W.2d 68, 70–71 (Tex. App.—San Antonio 1998, pet. ref'd) (holding written admonishment is sufficient).

Substantial compliance by the trial court with article 26.13 is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishments of the court. Tex. Code Crim. Proc. Ann. art. 26.13(c). Substantial compliance is a *prima facie* showing that the guilty plea was knowing and voluntary and shifts the burden to the defendant to show he

4

entered the plea without knowing the consequences. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).

Appellant's written waiver, joined by his attorney, states that Appellant fully understood the admonishments and had no questions, that Appellant was aware of the consequences of his plea, that Appellant was mentally competent, and that he entered his plea knowingly, freely, and voluntarily. Appellant admits he received written admonishments, but argues oral admonishments were nonetheless also required, and urges that he was confused, lacked actual awareness of the range of punishment, and did not know what he was signing at the time.[4]

Article 26.13, on its face, expressly allows *either* oral *or* written admonishment; both are not required. *See* Tex. Code Crim. Proc. Ann. art. 26.13(d). There is no requirement that the judge orally admonish a defendant when the defendant has signed written admonishments, statements, or waivers, and it is established that he understood them. *See Scott v. State,* 86

---

[4] Appellant raises these contentions to demonstrate that he did not receive admonishments. However, Appellant's theory goes to the voluntariness of his plea, which is another matter. *See Gardner v. State*, 164 S.W.3d 393, 398 (Tex. Crim. App. 2005); *Slaughter v. State*, No. 02-07-050-CR, 2007 WL 3120688, at *2 (Tex. App.—Fort Worth Oct. 25, 2007, no pet.) (mem. op., not designated for publication). We defer resolution of this issue to Appellant's second point.

5

S.W.3d 374, 375–76 (Tex. App.—Fort Worth 2002, no pet.); *Lee v. State,* 39 S.W.3d 373, 375 n. 1 (Tex. App.—Houston [1st Dist.] 2001, no pet.); *Estrada*, 981 S.W.2d at 70; *Wright v. State,* 962 S.W.2d 661, 663 (Tex. App.—Fort Worth 1998, no pet.). Furthermore, at the plea hearing that was on the record, Appellant repeatedly assured the trial court that he understood, read, and had no questions regarding the written admonishments. *See Jackson v. State*, 139 S.W.3d 7, 14 (Tex. App.—Fort Worth 2004, pet. ref'd); *Hancock v. State*, 955 S.W.2d 369, 371 (Tex. App.—San Antonio 1997, no pet.) (citing *Edwards v. State*, 921 S.W.2d 477, 481 (Tex. App.—Houston [1st Dist] 1996, no pet.).

Appellant cites several cases to support his argument; yet these are inapplicable because they involved situations in which admonishments were either unclear from the record or not stipulated to by the parties. *See Vannortrick v. State*, 227 S.W.3d 706, 708–710 (Tex. Crim. App. 2007) (addressing State's argument that trial court's failure to admonish "either orally or in writing" was harmless); *Fakeye v. State*, 192 S.W.3d 112, 115 (Tex. App.—Fort Worth 2006) (noting that State conceded trial court failed to admonish), *aff'd*, 227 S.W.3d 714 (Tex. Crim. App. 2007); *Rachuig v. State*, 972 S.W.2d 170, 173 (Tex. App.—Waco 1998, pet. ref'd) (noting that clerk's record and reporter's record contained conflicting evidence of admonishment). None of these cases contradict the rule that oral admonishments are

6

unnecessary when a trial court properly admonishes a defendant in writing. *See* Tex. Code Crim. Proc. Ann. art. 26.13(d).

In sum, the trial court complied with the requirements set forth under article 26.13 by providing Appellant complete written admonishment regarding his range of punishment. *See Hancock*, 955 S.W.2d at 371–72. We overrule Appellant's first point.

## II. Involuntariness of Appellant's plea

Appellant argues in his second point that his guilty plea was involuntary because the trial court failed to explain that he was waiving his right to a jury trial and his right to be free from self-incrimination.

### A. Applicable law

A guilty plea constitutes a waiver of three constitutional rights: the right to a jury trial, the right to confront one's accusers, and the right not to incriminate oneself. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S. Ct. 1709, 1711 (1969). Accordingly, to be consistent with due process, a guilty plea must be entered knowingly, intelligently, and voluntarily. *Id.* at 242, 89 S. Ct. 1711; *see also, Bousley v. United States*, 523 U.S. 614, 618, 118 S. Ct. 1604, 1609 (1998); *Parke v. Raley*, 506 U.S. 20, 28, 113 S. Ct. 517, 523

(1992).[5] To determine whether the plea was voluntary, we ask whether the plea represented a "voluntary and intelligent choice" available to the defendant. *See Parke*, 506 U.S. at 29, 113 S. Ct. at 524 (quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160, 164 (1970)).[6] We then examine the record to determine whether the defendant understood the charge and its consequences. *See DeVille v. Whitley*, 21 F.3d 654, 657 (5th Cir.), *cert. denied*, 513 U.S. 968 (1994).

When the record indicates that the trial court duly admonished the defendant, this presents a prima facie showing that defendant's plea was voluntary. *Martinez*, 981 S.W.2d at 197; *Jackson*, 139 S.W.3d at 14. Defendants who previously admitted their pleas were voluntarily and knowingly made carry a heavy burden on appeal to prove otherwise. *Labib v. State*, 239

---

[5] Although this issue involves federal constitutional protections, we note this court and other appellate courts have resolved it under similar factual situations. *See, e.g.*, *Scott*, 86 S.W.3d at 375–76 (holding plea voluntary where defendant signed written admonishments, confession, and waiver of rights form); *Ybarra v. State*, 93 S.W.3d 922, 925–26 (Tex. App.—Corpus Christi 2002, no pet.) (holding plea voluntary where defendant affirmatively stated so, notwithstanding his later contention that waiver was involuntary because he could not read or write).

[6] The Texas legislature adopted a similar standard by conditioning trial courts' acceptance of guilty pleas upon the mental competence and voluntariness of the defendant. *See* Tex. Code Crim. Proc. Ann. art. 26.13(b).

S.W.3d 322, 332 (Tex. App—Houston [1st Dist.] 2007, no pet.); *Acosta v. State*, 160 S.W.3d 204, 211 (Tex. App.—Fort Worth 2005, no pet.).

## B. Application

We note from the outset that the trial court's written admonishments create a prima facie showing that Appellant's plea was voluntarily entered. *See Jackson*, 139 S.W.3d at 14. Nevertheless, Appellant argues that he was confused and lacked actual awareness of the rights he was waiving or what he was signing at the time.[7]

At the plea hearing, Appellant signed written admonishments, which stated he fully understood the plea admonishments, had no questions, and waived his right to a jury trial and his right against self-incrimination. Appellant also signed a judicial confession, whereby he swore that he had read the indictment and that the allegations therein were "true and correct." Appellant verbally assured the trial court that he understood both documents, had no questions, and voluntarily pled guilty:

---

[7] Appellant does not contend that he was incompetent or incapable of voluntarily pleading guilty. *See* Tex. R. App. P. 38.1; *Gregory v. State*, 56 S.W.3d 164, 184 n.16 (Tex. App.—Houston [14th Dist.] 2001, pet. dism'd), *cert. denied*, 538 U.S. 978 (2003). Nor does Appellant contend on appeal that his plea was coerced by counsel, that he was misled into pleading guilty, or that counsel rendered ineffective assistance.

THE COURT: And, basically, you've signed a document here today that indicates to me that you're aiming to enter a plea of guilty today; is that correct?

THE DEFENDANT: That's correct.

THE COURT: By the paper you've signed, you've indicated to me that you have no questions of myself, no questions of your attorney, and that this is a free and voluntary plea; is that right?

THE DEFENDANT: That's right.

THE COURT: Do you have any questions of me about the documents you've signed today?

THE DEFENDANT: I don't have any questions. I just rely on counselor.

THE COURT: Okay. But you've understood what you've signed?

THE DEFENDANT: Right.

THE COURT: You have no questions about it?

THE DEFENDANT: No.

THE COURT: You shouldn't have any questions if he's explained everything to you, I understand that, but I just want to make sure you understood everything you have signed.

THE DEFENDANT: Right.

THE COURT: And you have?

THE DEFENDANT: I do.

. . . .

10

[APPELLANT'S COUNSEL]: Okay. And based on everything I've told you over the past, roughly, a year, everything you know about this, this plea of guilty is freely and voluntarily, right?

THE DEFENDANT: Right.

Based on the foregoing, we disagree with Appellant's assertion that the trial court made a "minimal effort" to ensure his plea was knowingly and voluntary entered into. Moreover, Appellant and his counsel attested in writing that the plea was voluntary. *See Gonzales v. State*, 899 S.W.2d 819, 821 (Tex. App.—Fort Worth 1995, pet. ref'd) (stating, "[t]here is no requirement to verbally inquire about the voluntariness of a plea after defendant and trial counsel have signed the written waiver and the judge has established that Appellant has read and understood the waivers"); *see also Rodriguez v. State*, 850 S.W.2d 603, 607 (Tex. App.—El Paso 1993, no pet.) (holding no duty to verbally inquire as to voluntariness of plea where defendant and counsel admitted such in writing).

In addition to his written statements, Appellant's affirmative statements to the trial court also demonstrate that his plea was voluntary. *See, e.g.*, *Fielding v. State*, 266 S.W.3d 627, 636 (Tex. App.—El Paso 2008, pet. ref'd) (holding plea was voluntary where defendant gave such assurance at hearing); *Ybarra*, 93 S.W.3d at 924–25 (holding plea was voluntary where defendant informed trial court he voluntarily and freely pled guilty); *Luna v. State*, 985

11

S.W.2d 128, 131 (Tex. App.—San Antonio 1998, pet. ref'd) (holding plea was voluntary where defendant stated he had no questions). Moreover, Appellant's counsel advised the trial court during the punishment phase that, "[Appellant]'s aware of the ramifications and the punishment range." *See Gardner*, 164 S.W.3d at 399 (noting statements by defense counsel are evidence as to voluntariness of defendant's plea).

Appellant argues that he told the trial judge, "I didn't know what I was signing." An examination of the context of this statement shows that Appellant was referring to the enhancement paragraph of the indictment—an issue he does not raise on appeal:

> THE COURT: You're going to plead true to the enhancement; is that correct? The enhancement is that repeat offender notice. Do you understand what I'm talking about?
>
> [APPELLANT'S COUNSEL]: Your prior conviction?
>
> THE DEFENDANT: Yeah, the prior conviction?
>
> THE COURT: Yes.
>
> THE DEFENDANT: I didn't know what I was signing when I signed that documents. [sic]
>
> THE COURT: You didn't know what you were signing when you were signing here today?
>
> [APPELLANT'S COUNSEL] The prior – I've explained to him that there's a different way to attack that.

12

THE COURT: Right here today, you understand – basically, I'm going to go over it with you, all right?

THE DEFENDANT: Okay.

THE COURT: It basically states that prior to the conviction of this offense or offenses set out above, the defendant was finally convicted of the felony offense of aggravated assault with a deadly weapon in the 396th District Court of Tarrant County, Texas, in Cause No. 871837D on the 21st day of July in 2004. Is that true or not true?

THE DEFENDANT: That's true.

Even disregarding the context of Appellant's statements to the trial court, "[t]he mere fact that appellant claims that he did not know . . . is not, standing alone, a sufficient basis for us to hold that his plea was involuntary." *Crumpton v. State*, 179 S.W.3d 722, 725 (Tex. App.—Fort Worth 2005, pet. ref'd); *see also Ybarra*, 93 S.W.3d at 924–25 (holding plea was voluntary, notwithstanding defendant's claim he did not understand documents); *Scott*, 86 S.W.3d at 375–76 (holding same where defendant signed waiver of rights form).

Appellant does not contend on appeal that he did not understand the ramifications of his plea or that he would not have pled guilty but for any lack of understanding of the consequences. After reviewing the record in its entirety, we hold Appellant has failed to rebut the prima facie evidence showing that his plea was voluntary. *See Martinez*, 981 S.W.2d at 197; *Jackson*, 139

13

S.W.3d at 14.  Appellant signed the written admonishment and verbally assured the trial court that he fully understood the consequences of his plea.  *See DeVille*, 21 F.3d at 657.  We overrule Appellant's second point.

## Conclusion

Having overruled both of Appellant's points, we affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, LIVINGSTON, and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 30, 2009