

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-17-00324-CR
### NO. 02-17-00325-CR
### NO. 02-17-00326-CR
### NO. 02-17-00327-CR

TIMOTHY WAYNE PACE, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY
TRIAL COURT NOS. 1480422D, 1480424D, 1480425D, 1480428D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Timothy Wayne Pace, Jr. entered an open plea of guilty to three indictments alleging possession with intent to deliver drugs (heroin, cocaine, and methamphetamine) and to one indictment alleging unlawful possession of a firearm by a felon. A single plea hearing was held on the four cases during which

---

[1]*See* Tex. R. App. P. 47.4.

the trial court referenced the written plea admonishments and the judicial confessions filed in each case and asked Pace whether he had signed them, whether he had signed them freely and voluntarily after having adequate time to discuss them with his attorney, whether he was satisfied with his representation in each of the cases, and whether he understood that he was waiving or giving up all the rights contained in the documents. Pace responded, "Yes, ma'am," to each of the trial court's questions. Pace then entered guilty pleas to each of the four charges against him. After a presentence investigation report was prepared, the trial court held a sentencing hearing on the four cases and, after hearing testimony, sentenced Pace to twelve years' confinement for each of the possession-with-intent-to-deliver offenses and to ten years' confinement for the offense of unlawful possession of a firearm by a felon and ordered the sentences to run concurrently.

On appeal, Pace argues in a single issue that he was not properly admonished in accordance with Texas Code of Criminal Procedure article 26.13. *See* Tex. Code Crim. Proc. Ann. art. 26.13 (West Supp. 2017). Relying on the written admonishments that appear in the initial electronic clerk's record that was filed in each of the four cause numbers, Pace argues that he was not made aware of the consequences of his guilty pleas because each of the written admonishments appears "to contain a redaction wherein the words 'the consequences' has been omitted" such that the remaining text now says, "I am aware of my plea."

2

After Pace filed his brief, the trial court clerk filed a supplemental clerk's record in each of Pace's cases reflecting that the original documents did not have the words "the consequences" obscured; thus, each of the written admonishments Pace signed states, "I am aware of the consequences of my plea." Because the apparent redactions challenged by Pace on appeal are nonexistent in the original documents as reflected in the supplemental clerk's records, we hold that Pace was properly admonished in accordance with article 26.13. *See id.* art. 26.13 (providing that court may make the required admonitions in writing if it receives a statement signed by the defendant and the defendant's attorney that he understands the admonitions and is aware of the consequences of his plea); *see also Estrada v. State*, 981 S.W.2d 68, 70 (Tex. App.—San Antonio 1998, pet. ref'd) (holding written admonishments were valid).

Accordingly, we overrule Pace's sole issue. Because Pace challenges no other aspect of his convictions, we affirm the trial court's judgments.


/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: SUDDERTH, C.J.; WALKER and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: March 8, 2018

3